IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AKWASI ADU AMANKWAH AND  §
JENNIFER AMANKWAH,  §
 §
    *Plaintiffs*,  §
 §   Civil Action No.  SA-16-CV-406-XR
v.  §
 §
LINDA IRENE PEREZ,  §
 §
    *Defendant*.  §
 §

**ORDER**

On this date, the Court considered Plaintiffs' submission and supplement regarding attorney's fees, costs, and expenses (docket no. 14).  The Court remanded this case to the New York state court from which it was removed because the Court lacked original subject matter jurisdiction and the removal was untimely.  Docket no. 12 at 3.  The court awarded Plaintiffs attorney's fees and costs in this case because the removing party lacked an "objectively reasonable" basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Docket no. 12 at 3.

On July 5, Plaintiffs' attorney filed a Declaration in support of Award of Attorney's Fees (docket no. 14). The Court directed Defendant to submit written objections regarding the reasonableness of the amount no later than July 19, 2016.  Docket no. 15 at 1.  Defendant filed no objections.  For the reasons discussed below, Defendant Linda Irene Perez is ORDERED to

pay Plaintiffs' attorney Maureen B. Godfrey **$2,573.40**, which constitutes Plaintiffs' reasonable attorney's fees and costs related to the wrongful removal.

## FACTUAL SUMMARY

In her uncontested, sworn submission to the Court, Maureen B. Godfrey, Attorney for Plaintiffs Akwasi Adu Amankwah and Jennifer Amankwah, produced detailed time sheets indicating that she had worked 16.40 hours on legal issues relating to the motion to remand at a rate of $150.00 per hour, for a total of $2,460.00. Ms. Godfrey also stated that she drafted and her firm paid the *pro hac vice* admission fee of $100.00 and incurred $2.30 in charges for mailing this action for admission to the Western District of Texas. Ms. Godfrey also produced a detailed copy of her firm's PACER charges related to this action, totaling $11.10. In total, Ms. Godfrey seeks $2,573.40 in attorney's fees and costs.

## LEGAL ANALYSIS

To calculate reasonable attorney's fees, the district court should use the "lodestar" method outlined in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). The court should determine the base amount by multiplying the number of hours the attorney reasonably worked times the prevailing hourly rate. *Id.* at 546. The lodestar amount is presumed to be the reasonable fee to which the party is entitled. *Id.* at 550.

To determine the reasonable number of hours, the Court should exclude hours that were excessive, duplicative, or inadequately documented. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). The test is whether, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2nd Cir. 1992). To prove reasonableness, contemporaneous time records of hours that contain sufficient detail are

preferred over reconstructed time records. *Freiler v. Tangipahoa Bd. of Educ.*, 185 F.3d 337, 348 (5th Cir. 1999). After reviewing Ms. Godfrey's detailed, contemporaneous time records, the Court finds that 16.40 hours is a reasonable amount of time to spend working on the legal issues presented by this case.

The prevailing hourly rate is considered to be the market rate in the relevant community for similar service by lawyers of reasonably comparable skill, experience, and reputation. *McClain*, 649 F.3d at 381 (citing *Blum v. Stevenson*, 465 U.S. 886, 889 (1983)). In her submission to the Court, Ms. Godfrey provides evidence of the hourly rate for attorney's fees in New York through citation of two other Eastern District of New York cases. One case sets the rate for attorney's fees in New York at a range of $300.00-$450.00, *Frontier Park Co., L.L.C. v. Contreras*, No. 14-CV-03624, 2014 WL 3843845, at *8 (E.D.N.Y. Aug. 5, 2014), and the other Eastern District of New York case sets attorney's fees in the range of $200.00-$350.00, *Cohen v. Narragansett Bay Ins. Co.*, 14-CV-3623, NYLJ 1202678038282, at *1 (E.D.N.Y., Nov. 24, 2014). Further, Ms. Godfrey has been a licensed attorney for almost sixteen years. Docket no. 14 at 2. The Court finds that $150.00 per hour is reasonable for the current market rate in the New York Metropolitan Area. Further, the Court is familiar with market rates for similarly experienced attorneys in the San Antonio area and finds that $150.00 is in line with the market here. Thus, the base lodestar amount in this case is 16.40 hours at $150.00 per hour, for a total of $2,460.00.

After determining the base amount, the Court may decrease or increase the amount in light of a number of factors, some of which may have already been taken into account when calculating the lodestar method. The "Johnson Factors" include: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal

services properly; (4) the loss of other employment by the attorney taking this case; (5) the customary fee charged for services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved in the litigation and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases.  *E.g., Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 n. 9 (5th Cir. 2010) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The Court finds that the base lodestar amount—the reasonable number of hours worked multiplied by the prevailing hourly rate—adequately takes into consideration the "Johnson Factors" and no adjustment is required.

The Court also finds that Plaintiff incurred $11.10 in costs to obtain certified copies of documents that were necessarily obtained for use in this case.  The costs of copies may necessarily be taxed if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (through P.L. 114-197).  In this case, Ms. Godfrey presents a detailed PACER Report reflecting the copies she obtained from the United States District Court for the Western District of Texas.  Docket no. 14-4 at 1, Ex. B.  Ms. Godfrey paid, and is requesting, $0.10 for each certified copy she requested from the United States District Court.  *Id.*  "Black and white copy rates up to $0.25 per page have been deemed reasonable."  *Knauff v. Dorel Juvenile Group, Inc.*, Civ. No. SA-08-CV-336-XR, 2010 WL 2545424, at *2 (W.D. Tex. June 21, 2010) (citing *Canion v. United States*, Civ. No. EP-03-CA-0347-FM, 2005 WL 22166881, at *4 (W.D. Tex. Sept. 9, 2015)).  The Court grants Ms. Godfrey $11.10 for copies of documents she obtained for use in this case.

Ms. Godfrey requests $100.00 for costs her firm incurred for the *pro hac vice* admission fee and $2.30 in charges for mailing.  Docket no. 14 at 2.  This Court previously noted that it would award Ms. Godfrey her costs associated with *pro hac* vice admission because Defendant wrongfully removed this action from New York state court to this court, and Ms. Godfrey was not admitted here.  Therefore, the Court allows Ms. Godfrey to recover $100 for costs incurred for the *pro hac vice* admission fee and $2.30 in mail charges.

## CONCLUSION

Defendant Linda Irene Perez is ORDERED to pay Plaintiffs' attorney's fees and costs in the amount of **$2,573.40 no later than August 24, 2016**.

Signed this 9th day of August, 2016.

            XAVIER RODRIGUEZ
            UNITED STATES DISTRICT JUDGE